UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**EARL SWANIGAN,**

                              **Plaintiff,**

v.                                                          1:15-CV-1272

**KENNETH YOUNG, and**
**FULFILLMENT CENTER,**

                              **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

Before the Court are Defendants' motions to dismiss the Amended Complaint. See dkt. #s 24, 26, 31. The parties have briefed the issues and the Court has determined to decide the matter without oral argument. For the reasons stated below, Defendants' motions will be granted.

**I.**     **BACKGROUND[1]**

This case concerns the Defendants' alleged unauthorized use of the Plaintiff's artwork. On October 26, 2015, Plaintiff, proceeding *pro se*, commenced an action for copyright infringement under the Copyright Act, 17 U.S.C. § 501. See Amended Complaint ("Amend. Compl.") dkt. # 23. Plaintiff's Complaint alleges that he is an artist

---

    [1]For the purposes of this motion, the factual allegations in the Complaint are assumed to be true. See Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009).

1

from the Hudson Valley.  See id. at attachment ("attach.") # 6.[2]  Plaintiff contends that Defendant Kenneth Young violated 17 U.S.C. § 501(b) by producing artwork containing images created by the Plaintiff without permission.  He further alleges that Defendant Fulfillment Center contracted with Young to "mass produce" Plaintiff's images on iPhone cases, greeting cards, and portraits.  The image in question, which is included as an exhibit to Plaintiff's Original Complaint, appears to depict Plaintiff on the street, transporting two of his paintings on a hand cart.  The Plaintiff's artwork is visible as part of the larger image.  In the Amended Complaint, Plaintiff reasserts the allegations in the Original Complaint and adds four allegations.  See dkt. # 23.  First, Plaintiff alleges that the copyrighted image is entitled "A Pig Catching a Ride with Earl" with reference number 1-3184022439.  Id.  Second, Plaintiff personally witnessed Defendant Young taking his picture and requested that Young not use his photo in any capacity.  Id.  Third, Young disregarded Plaintiff's request and advertised and sold the photo on his website.  Id.  Finally, Defendant Young offered Plaintiff $8.50, the net revenue from the photo sales.  See id. at p. 2.  Plaintiff alleges that Defendants violated his rights with their unauthorized use of his images and demands $150,000 in damages.

After being served with the Amended Complaint, Defendants filed separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See dkt. #s 24, 26, 31.  Plaintiff responded to those motions.  See dkt. # 30.  Defendant Fulfillment Center submitted a reply, bringing the case to its present posture.

**II.    LEGAL STANDARD**

---

[2]The complaint is not paragraphed. It consists of a two-page single paragraph with 14 attachments.

Defendants have filed motions to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Plaintiff has not stated a claim upon which relief could be granted, even if all factual allegations in the complaint were proved true See dkt. # 24, 26, 31. On a Rule 12(b)(6) motion, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted). This tenet does not apply to legal conclusions, non-factual matter, or "conclusory statements" set forth in a complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility" when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When, as here, the Plaintiff proceeds *pro se*, the Court will construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)).

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). The Court may also review "documents that the plaintiffs either possessed or

knew about and upon which they relied in bringing the suit." Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000); see Jenkins v. Cty. of Washington, 126 F. Supp. 3d 255, 274 (N.D.N.Y. 2015);[3] Chambers v. Time Warner, 282 F.3d 147, 153, n.3 (2d Cir. 2002)("[T]he court may [also] . . . consider . . . any documents relied on and/or referenced in the complaint (even if those documents are not attached to the complaint, if those documents are provided by defendants in their motion to dismiss)[.]").

## III.  ANALYSIS

Defendants seek to dismiss Plaintiff's copyright infringement claim. To prevail on a copyright infringement claim under 17 U.S.C. § 501, a plaintiff must demonstrate both ownership of a valid copyright and infringement. See Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 108-09 (2d Cir. 2001). To demonstrate ownership, the plaintiff must have a valid copyright. Scholz Design, Inc. v. Sard Custom Homes, LLC, 691 F.3d 182, 186 (2d Cir. 2012). "A certificate of copyright registration is prima facie evidence of ownership of a valid copyright[.]" Id. To establish infringement, Plaintiff must satisfy two elements: (1) the Defendant has actually copied the Plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." Peter F. Gaito Architecture, LLC v. Simone Development Corp., 602 F.3d 57, 63 (2d Cir. 2010).

---

[3]"The following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are 'integral' to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case."

Actual copying may be proved directly or indirectly. Direct evidence of copying includes proof that (1) an alleged infringer had a "reasonable possibility of access" to the original work and (2) that probative similarities exist between the works. Jorgensen v. Epic/Sony Records, 351 F.3d 46, 54 (2d Cir. 2003). Indirect evidence of copying includes proof that (1) defendants had access to the copyrighted work, and (2) that probative similarities exist between the works. See Hamil Am., Inc. v. GFI, 193 F.3d 92, 99 (2d Cir. 1999). A finding of "probative similarity" may exist in protected or unprotected elements. See Nimmer on Copyright § 13.01[B].

In determining whether the Defendant's work is substantially similar to Plaintiff's expression, courts apply the "ordinary observer test." Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1002 (2d Cir. 1995). That test asks whether "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." Id. Analyzing works with both protectible and unprotectible elements calls for a "more discerning" analysis. Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 123 (2d Cir. 1994). Courts "must attempt to extract the unprotectible elements from [its] consideration and ask whether the *protectible elements*, *standing alone*, are substantially similar." Knitwaves, 71 F.3d at 1002 (emphasis in original). Thus, when faced with works containing both protectible and unprotectible elements, courts must "examine the works' 'total concept and feel.'" Knitwaves, 71 F.3d at 1003 (citing Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 362 (1991)). In an infringement analysis, examining a works' total concept and feel "must begin by dissecting the copyrighted work into its component parts in order to clarify precisely what is not original," while understanding that the "infringement

5

analysis is not simply a matter of ascertaining similarity between components viewed in isolation." Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 134 (2d Cir. 2003). Courts must "analyze the two works closely to figure out in what respects, if any, they are similar, and then determine whether these similarities are due to protected aesthetic expressions original to the allegedly infringed work, or whether the similarity is to something in the original that is free for the taking." Id. at 134-35.

When a court considers a Rule 12(b)(6) motion to dismiss in a copyright infringement action, "the works themselves supersede and control contrary descriptions of them." Walker v. Time Life Films, Inc., 784 F.2d 44, 52 (2d Cir. 1986)). In considering whether the works are substantially similar, "no discovery or fact-finding is typically necessary, because 'what is required is only a visual comparison of the works.'" Peter F. Gaito Architecture, 602 F.3d at 64 (citing Folio Impressions, Inc. v. Byer Cal., 937 F.2d 759, 766 (2d Cir. 1991)).

> [I]t is entirely appropriate for the district court to consider the similarity between [the subject] works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation. If, in making that evaluation, the district court determines that the two works are not substantially similar as a matter of law, the district court can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not plausibly give rise to an entitlement to relief.

Id.

The Court reads Plaintiff's Complaint to allege that Defendants violated his

copyright in the artwork contained in Defendant Young's image. Defendants[4] argue that the Complaint should be dismissed because Plaintiff has failed to state the basic prerequisites of a copyright claim.[5] See dkt. # 24. Plaintiff failed to properly allege that a copyright has been registered in accordance with the statute. Id. at 3. Plaintiff's response confirms that he seeks damages for copyright infringement. See dkt. # 23 at 2.

Federal law permits a copyright owner to initiate an infringement action against a person who violates his rights in the copyrighted performance. See 17 U.S.C. § 501(b). Generally, to demonstrate copyright infringement, Plaintiff "must allege (1) which specific original works are subject of the copyright claim, (2) that the plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright." Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D. N.Y. 1992). The complaint "is

---

[4] Defendant Young proceeds *pro se*. The Court reads his argument to track Fulfillment Center's more-developed argument regarding a copyright claim and will evaluate them together. The Court notes that Defendant Young's papers also appear to contain an offer to settle this matter. The Court cannot order settlement. Should Defendant Young prefer to attempt to dispose of this matter with a settlement, he should deal directly with the Plaintiff. If the parties reach a settlement, they should report that fact to the Court.

[5] Defendant Fulfillment Center argues that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 8(a)(2) and 12(b)(6). That argument is somewhat misplaced. Rule 8(a)(2) provides the standard by which a Complaint should be drafted, requiring that "[a] pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) establishes the means by which a claim that fails to meet this standard can be dismissed, providing that a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Court will use the legal standards developed under Rule 12(b)(6) to evaluate the motions in this case.

deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). Courts are permitted to take judicial notice of public records that are integral to a party's claims or contradict the party's factual assertions, even if the corresponding documents are not attached to or incorporated by reference in the complaint. See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007).

Here, Plaintiff provided two grounds to support his copyright infringement claim. First, an exhibit, which showed direct evidence of artwork that is probatively similar to the alleged copyrighted work titled, "A Pig Catching a Ride with Earl." Second, an application reference number from the Copyright Office, numbered 1-3184022439. The complaint included no information as to the date the copyrighted artwork was registered or a certificate of copyright registration. The Court takes judicial notice of copyright number VA0002013032 of the United States Copyright Office Public Catalog. Plaintiff is listed as the owner of the copyrighted work titled "A Pig Catching a Ride with Earl," with a registration date of March 1, 2016, and a publication date of February 15, 2014.

Providing Plaintiff's Complaint with the generous reading accorded *pro se* plaintiffs, the Court finds that Plaintiff has not alleged ownership of a valid copyright in any of the images in question. First, copyright ownership vests initially in the author or authors of the work. 17 U.S.C. § 201(a). As a general rule, "the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." 16 Casa Duse, LLC v. Merkin, 791 F.3d 247, 258 (2d Cir. 2015) (quoting Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 737 (1989)). Here, the Court finds "A Pig Catching a Ride with Earl," the

artwork contained in Defendant Young's image, to be copyrighted work owned by Plaintiff. Id.

Although a work is protected by copyright the moment it is created, Plaintiff must first register his copyrighted work before he can enforce that copyright in a court. 17 U.S.C. § 411(a); see Literary Works in Elec. Databases Copyright Litig. v. Thomson Corp., 654 F.3d 242, 246 (2d Cir. 2011) ("[C]laims . . . cannot be litigated for damages purposes unless they are registered with the Copyright office"). Here, the Court takes judicial notice that the copyrighted work was registered after the instant action began and approximately two years after it was first published. Plaintiff can only obtain damages for infringement that took place either after registration or after publication if the work was registered within three months after the first publication. 17 U.S.C. § 411(a); see 16 Casa Duse, LLC, 791 F.3d at 263. Plaintiff has provided no documentation proving that the alleged copyright existed before he filed the instant action or within three months after the first publication. Plaintiff could not have conceivably copyrighted the image in question before the instant action or within three months after the first publication. Without proof of a registered copyright that predates this action, Plaintiff cannot prevail on his infringement claim. Therefore, the Court grants the motion to dismiss with prejudice.

Plaintiff, an artist, could conceivably have a state-law claim. Since the copyright infringement claim, over which the Court had original jurisdiction, has been dismissed, the Court declines to exercise supplemental jurisdiction on any state-law claims. See Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004).

**V.     CONCLUSION**

For the reasons stated above, the Defendants' motions to dismiss, dkt. #s 24, 26, 31 are hereby GRANTED with prejudice.

**IT IS SO ORDERED.**

**Dated:** November 30, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge